IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASMINE HAWKINS, On Behalf of Herself And Others Similarly Situated <br><br> PLAINTIFF, <br><br> v. <br><br> TRIPOLIS ENTERPRISES, INC. d/b/a THE PALACE MEN'S CLUB <br><br> DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * Case No.: 5:19-cv-1287 <br> * <br> * <br> * <br> * <br> * |

## COLLECTIVE ACTION COMPLAINT

1. This action is brought by Plaintiff Jasmine Hawkins ("Plaintiff"), on behalf of herself and other similarly situated individuals, against Defendant Tripolis Enterprises, Inc. d/b/a The Men's Club (hereafter "Men's Club" or "Defendant").

2. During the entire period relevant to this action, Defendant misclassified Plaintiff and other similarly situated female exotic dancers as a "independent contractors" rather than as an employees at Defendant's Men's Club Gentlemen's Club located at 2482 NE Interstate 410 Loop San Antonio, Texas 78217.

3. As a result of this misclassification, Defendant failed to pay Plaintiff and other similarly situated female exotic dancers required wages under the Federal Fair Labor Standards Act ("FLSA").

4. Plaintiff brings this action on behalf of herself and other similarly situated female exotic dancers against Defendant seeking back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

5. Plaintiff is an adult resident of San Antonio, Texas.

6. Plaintiff hereby affirms her consent to prosecute her claim as part of an FLSA collective action and to seek unpaid wages and damages under the FLSA and for all other relief sought or awarded in this action.

7. Men's Club is a corporation formed in Texas that operates as a gentlemen's club featuring female exotic dancers at the address 2482 NE Interstate 410 Loop San Antonio, Texas 72817.  This defendant may be served with process by service its registered agent for service Steve Poulakis at 2482 NE Loop 410, San Antonio, Texas 78217

8. During the relevant period, Men's Club was Plaintiff's employer within the meaning of the FLSA.

9. During the relevant period, Men's Club had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

10. The relief sought in this action against Defendants arises under the FLSA, a Federal Statute, and Subject Matter Jurisdiction is therefore proper in this Court based on Federal Question.

11. The alleged acts and omissions giving rise to this action occurred primarily in or around San Antonio, Texas and in consideration of this fact and the foregoing, Venue and Personal Jurisdiction are proper in the United States District Court for the Western District of Texas.

## FACTS

12. Plaintiff was employed by Defendant as an exotic dancer at Defendant's Men's

Club Gentlemen's Club in San Antonio, Texas, for the period of about August 2017 through about June 2019, with a brief absence from about October 2017 through about January 2018.

13. During the period of their employment, the number of shifts Plaintiff and other similarly situated exotic dancers worked varied from week to week.

14. During the period of their employment, the exact number of hours Plaintiff and other similarly situated exotic dancers worked varied from week to week.

15. Defendant has possession, custody, and control of time and/or sign in records and "house fee" payment records for Plaintiff and other similarly situated exotic dancers.

16. At all times, agents on behalf of Defendant had actual knowledge of all hours Plaintiff and other similarly situated exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff and other exotic dancers' work duties.

17. At no time during their period of employment did Defendant ever pay any wages to Plaintiff or any other similarly situated exotic dancer for hours that worked each week.

18. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiff and all other similarly situated individuals for work duties performed.

19. At all times relevant, Defendant misclassified Plaintiff and each other similarly situated exotic dancer as independent contractors when each should have been classified under the FLSA as an employee.

20. At all times, Defendant controlled all aspects of the job duties Plaintiff and other exotic dancers performed inside the club through employment rules and workplace policies.

21. At all times, Defendant controlled the method by which Plaintiff and all other exotic dancers could earn money at the club by establishing dance orders, setting customer prices

on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

22.     At all times, Defendant required Plaintiff and each other exotic dancer to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

23.     Defendant hired Plaintiff and each other exotic dancer and had the ability to discipline, fine, fire, and adjust each individual's work schedule.

24.     Defendant, through supervisors and managers, supervised the duties of Plaintiff and other exotic dancers to make sure each individual's job performance was of sufficient quality.

25.     Defendant conducted initial interviews and vetting procedures for Plaintiff each other exotic dancer and, at the club's sole discretion, the club's management and/or ownership could deny any Plaintiff or any other exotic dancer access or ability to dance and/or work at the club.

26.     At all times, Defendant had the right to suspend or send Plaintiff or any other exotic dancer home and away from the club if Plaintiff or any other exotic dancer violated rules or policies or if the club's ownership or management, at its discretion, did not want Plaintiff or any other exotic dancer at the club.

27.     Neither Plaintiff nor any other exotic dancer was required to have or possess any requisite certification, education, or specialized training as a condition of employment with Defendant.

28.     At all times relevant, Defendant was in the business of operating a gentlemen's club featuring female exotic dancers and at all times it was the job duty of Plaintiff and each other exotic dancer to perform as an exotic dancer for the club's customers.

29. In addition to failing to pay Plaintiff and other exotic dancers wages for hours worked, Defendant required Plaintiff and each other exotic dancer to pay the club or its ownership or management a house fee or kickback of about $50.00 or more for each shift Plaintiff and each other exotic dancer worked.

30. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and each other exotic dancer received from customers.

31. Prior to and during the relevant period, Defendant and its ownership had actual knowledge that for at least the past twenty (20) years that exotic dancers like Plaintiff and other exotic dancers at Men's Club were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

32. Prior to and during the relevant period, Defendant and its ownership had actual or constructive knowledge the club misclassified Plaintiff and other exotic dancers as independent contractors, failed to pay them wages as required by Federal law, unlawfully withheld or assigned tips Plaintiff and other exotic dancers received from customers, and unlawfully charged Plaintiff and other exotic dancers kickbacks, fines, and surcharges during her employment period.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff, on behalf of herself and other similarly situated exotic dancers that worked at Defendant's Men's Club - San Antonio gentlemen's club during the relevant period, is pursing the herein alleged FLSA minimum wage claim as a collective action pursuant to FLSA Section 216(b).

34. Plaintiff and all other current or former exotic dancers worked for Defendant at Defendant's Men's Club - San Antonio gentlemen's club during the relevant period were each

denied FLSA required minimum wage compensation and are each owed unpaid FLSA minimum wage compensation, the return of unlawfully taken and/or assigned tips, and statutory damages for each hour worked during the relevant period.

35. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal and class-wide practice of violating the FLSA minimum wage requirements and otherwise failing to pay Plaintiff and other exotic dancer employees at Defendant's club at hourly wage rates in compliance with the FLSA minimum wage requirements and unlawfully taking and assigning tips or gratuities received from customers.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA - FAILURE TO
## PAY MINIMUM WAGE COMPENSATION

36. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

37. The FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

38. The FLSA prohibits a taking or assignment by Defendant or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

39. As set forth above, Defendant failed to pay Plaintiff and other similarly situated individuals minimum wage compensation as required by the FLSA.

40. As set forth above, Defendant unlawfully kept and/or assigned tips and gratuities Plaintiff and other similarly situated individuals received from customers.

41. The acts and omissions set forth in this Complaint for which Defendant is liable were performed or omitted willfully and intentional, and not in good faith.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for relief as follows:

   A. Certifying this matter as a Collective Action pursuant to FLSA Section 216(b).

   B. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other plaintiffs and/or class members as required by the FLSA;

   C. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities received by Plaintiff and other plaintiffs and/or class members from customers in violation of the FLSA;

   D. Judgment against Defendant for unlawfully charging Plaintiff and other plaintiffs and/or class members kickbacks, fines, fees, and surcharges in violation of the FLSA;

   E. An award to Plaintiff and other plaintiffs and/or class members in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and other plaintiffs and/or class members;

   F. An award to Plaintiff and other plaintiffs and/or class members in the amount of all tips and gratuities unlawfully taken and/or assigned;

   G. An award to Plaintiff and other plaintiffs and/or class members in the amount of the return of all kickbacks, fines, fees, and surcharges assessed against or otherwise taken from Plaintiff and other plaintiffs and/or class members;

   H. An award of statutory liquidated damages in amounts prescribed by the FLSA;

   I. An award of attorneys' fees and costs to be determined by post-hearing petition;

   J. An award of pre-judgment interest; and

   K. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: October 30, 2019  */s/ David W. Hodges*
David W. Hodges
Texas Bar No. 00796765
Federal Bar No. 20460
**KENNEDY HODGES, LLP**
4409 Montrose Boulevard, Suite 200
Houston, Texas 77006
(713) 523-0001 phone
Email: dhodges@kennedyhodges.com

Gregg C. Greenberg, Esq
(To be Admitted Pro Hac Vice)
**ZIPIN, AMSTER & GREENBERG, LLC**
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 phone
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class Members*